```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

                                    :
JOHN M. DANIELS, JR.                :
                                    :
V.                                  :  CIV. NO. 3:03CV374 (HBF)
                                    :
DEPARTMENT OF MOTOR VEHICLES,       :
ET AL                               :
                                    :
                                    :

RULING ON MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT

John M. Daniels Jr., <u>pro se</u>, brings an eight count complaint against the Connecticut Department of Motor Vehicles ("DMV"), Medical Advisory Board, and DMV Commissioner Gary J. Defilippo, alleging, among other things, violations of Title II of the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and violation of the Rehabilitation Act, 29 U.S.C. §701 <u>et</u> <u>seq</u>. Plaintiff also alleges several state law claims.[1]

---

[1] In Count Three, plaintiff alleges that the Medical Advisory Board unlawfully disclosed his medical file to a third party in violation of Conn. Gen. Stat. §31-128f, entitled "Employee's consent required for disclosure." In Count Four, plaintiff alleges that the actions of the Medical Advisory Board constitute blacklisting in violation of Conn. Gen. Stat. §31-51, entitled "Blacklisting." In Count Five, plaintiff alleges that the actions of the Medical Advisory Board constitute criminal libel, slandering, discrimination and outcasting. In Count Six, plaintiff alleges a violation of the "1974 imposed Privacy Act Laws," and violation of "federal and state medical guidelines prohibiting unauthorized release of . . . medical information without written consent" by the Medical Advisory Board. In Count Seven, plaintiff alleges intentional infliction of emotional distress by the Medical Advisory Board, contending its members knew or should have known that the suspension of his license would cause him emotional harm. Finally, in Count Eight, plaintiff alleges that the Commissioner of the Department of

Pending are defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and/or Motion for Summary Judgment.  Defendants contend that plaintiff's lawsuit should be dismissed on the grounds that the Court lacks subject matter jurisdiction because (1) there is no United States Constitution, Article III, "case or controversy"; and (2) the Connecticut Department of Motor Vehicles and Medical Advisory Board, as arms of the State of Connecticut, are immune from a suit for damages in federal court under the Eleventh Amendment of the United States Constitution.  Defendants also argue that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted as (1) plaintiff failed to exhaust administrative remedies; (2) the DMV and the Medical Advisory Board are entitled to administrative agency immunity; and (3) plaintiff's complaint fails to allege personal involvement of defendant DeFilippo and he is entitled to qualified immunity.  Finally, defendants contend that there is no genuine issue of material fact to be tried; therefore the Court should grant summary judgment pursuant to Fed. R. Civ. P. 56(c).

For the reasons that follow, defendants' motion to dismiss is granted as to plaintiff's Title VII claim in Count Two and summary judgment is granted on Counts One and Two disposing of all of plaintiff's federal claims.  The Court declines to

---

Motor Vehicles, Gary J. DeFilippo, and the State of Connecticut, are responsible for all of the actions of the Medical Advisory Board under a theory of "respondeat superior."  Plaintiff seeks injunctive relief, compensatory, punitive and treble damages.

exercise pendent jurisdiction on plaintiff's state law claims set forth in Counts Three through Eight.

## STATEMENT OF FACTS[2]

Plaintiff was diagnosed at age nineteen with a "seizure disorder" and prescribed Dilantin to prevent and control his seizures. [Doc. #1, Compl. at ¶3]. On or about February 5, 2002, plaintiff suffered a seizure while operating a motor vehicle and, as a result, had a car accident. Id. at ¶5.

The accident was reported to the DMV, after which the DMV requested that plaintiff provide information from his physician concerning his medical treatment and condition. Id. On or about February 13, 2002, plaintiff provided the DMV with a physician's report. Id. The report was forwarded to the DMV's Medical Advisory Board. Id. On or about March 2002, the DMV initiated an administrative proceeding and, following a hearing, determined that plaintiff's seizure condition rendered him "medically unfit" to safely operate a motor vehicle. Id. at ¶¶5-6. The Commissioner suspended plaintiff's license based upon the recommendation of the Medical Advisory Board. Plaintiff was informed that the suspension decision would be reconsidered if he remained seizure free for six months and resubmitted a second physician's report and certification of his condition. Id. at ¶6.

---

[2] The following facts are undisputed. Although plaintiff disputes defendants' assertion that he had a seizure in April 1999 [Doc. #18 at ¶18], the Court finds that this disputed fact is not material to the resolution of these motions.

In July 2002, plaintiff's Class 1 operator's license was restored. Id. at ¶8.  The DMV has not restored the endorsement on the license that would authorize plaintiff to operate a public service vehicle and transport passengers.  See Conn. Gen. Stat. §14-36a(b).

DISCUSSION

Motion to Dismiss

Defendants argue two bases for their motion to dismiss. First, defendants contend this Court lacks subject matter jurisdiction because defendants Connecticut Department of Motor Vehicles and Medical Advisory Board, as arms of the State of Connecticut, are immune from a suit for damages in federal court under the Eleventh Amendment of the United States Constitution. Second, defendants contend that plaintiff's complaint fails to state a claim upon which relief may be granted because plaintiff failed to exhaust administrative remedies, defendants Connecticut Department of Motor Vehicles and Medical Advisory Board are entitled to administrative agency immunity, and defendant DeFilippo is entitled to qualified immunity.

    A.   Subject Matter Jurisdiction

Defendants move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss this action for lack of subject matter jurisdiction.  Plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Malik v. Meissner, 82 F.3d 560, 562

(2d Cir. 1996)). When ruling on a 12(b)(1) motion to dismiss, the court "must determine whether or not the factual predicate for subject matter exists." Tilley v. Anixter Inc., 283 F. Supp. 2d 729, 733 (D. Conn. 2003) (citing United Transp. Unions 385 & 77 v. Metro-North Commuter, 862 F. Supp. 55, 57 (S.D.N.Y. 1994)). In resolving a motion to dismiss under Rule 12(b)(1), a court may consider evidence outside the pleadings, including affidavits submitted by the parties, and is not limited to the face of the complaint. Robinson v. Government of Malaysia, 269 F.3d 133, 141 (2d Cir. 2001).

Under the Eleventh Amendment[3] to the Constitution of the United States, states generally enjoy immunity from suit in federal court by all private parties for all causes of action. Bd. Of Trs. of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98 (1984). This immunity applies to state agencies and departments, as well state officials who act on its behalf. Burnette v. Carothers, 192 F.3d 52, 57 (2d Cir. 1999), cert. denied, 531 U.S. 1052 (2000); Gaynor v. Martin, 77 F. Supp. 2d 272, 281 (D. Conn. 1999).

There are three exceptions to the general rule that a State and its officers acting on its behalf are immune from suit in federal court: (1) a state may waive its Eleventh Amendment

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

defense; (2) Congress may abrogate the sovereign immunity of the States by acting pursuant to a grant of constitutional authority; and (3) under the Ex parte Young doctrine, the Eleventh Amendment does not bar a suit against a state official when that suit seeks prospective injunctive relief. Winokur v. Office of Court Admin., 190 F. Supp. 2d 444, 448 (E.D.N.Y. 2002).

Thus, for this Court to have subject matter jurisdiction over this action, plaintiff must allege that defendants violated federal law in which Congress abrogated states' sovereign immunity or that defendants violated state law under which the State of Connecticut waived its Eleventh Amendment immunity.

### 1.   Count One: ADA Claim

Count One of plaintiff's Complaint alleges a violation of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 et seq. against the DMV. The ADA protects an individual with a disability from discrimination by the government, providing that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Winokur, 190 F. Supp. 2d at 448 (quoting 42 U.S.C. §12132). Since Congress "expressly intended to abrogate the states' sovereign immunity under Title II," there is a limited right to private action for Title II monetary claims against a state. Garcia v. S.U.N.Y. Health

6

Sciences Center of Brooklyn, 280 F.3d 98, 111 (2d Cir. 2001). Accordingly, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is DENIED on plaintiff's ADA claim in Count One.

### 2.   Count Two: Title VII Claim

Count Two of plaintiff's Complaint alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and the Rehabilitation Act, 29 U.S.C. §701 et seq., against the Medical Advisory Board.  "A plaintiff may maintain a suit under Title VII against a state because Title VII validly abrogates Eleventh Amendment immunity."  Cates v. State of Connecticut Dept. of Corrections, No. 3:98CV2232(SRU), 2000 WL 502622, at *6, n.4 (D. Conn. Apr. 13, 2000) (citing Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976)).  Accordingly, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is DENIED on plaintiff's Title VII claim in Count Two.

### 3.   Count Two: Rehabilitation Act Claim

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. §794 (2002). There is no question that Congress unequivocally intended to abrogate state immunity from suit under the Rehabilitation Act.  Hicks v. Armstrong, 116 F. Supp. 2d 287, 290 (D. Conn. 1999). Accordingly, defendants' motion to dismiss pursuant to Fed. R.

Civ. P. 12(b)(1) is DENIED on plaintiff's Rehabilitation Act claim in Count Two.

B.   Failure to State a Claim

Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss this action for failure to state a claim upon which relief may be granted.  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. Spalding, 467 U.S. 69, 73 (1984).  When deciding a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept the material facts alleged in the complaint as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  The court must not dismiss the action "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Count Two: Title VII

Count Two of plaintiff's complaint alleges that defendant Medical Advisory Board violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.  The purpose of Title VII is to eliminate the effects of employment discrimination. Johnson v. Transp. Agency, 480 U.S. 616, 632 (1987).  A plaintiff asserting

a Title VII claim must show that: (1) he is a member of a protected class; (2) he was qualified for a position; (3) he experienced an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973)). Moreover, pursuant to the Equal Employment Opportunity Commission's regulations, a federal employee must exhaust applicable administrative procedures prior to filing suit. See 29 C.F.R. §1614.105; Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001).

Plaintiff fails to allege that he was an employee of the DMV or the Medical Advisory Board, that he suffered an adverse employment action based on his disability, or that he exhausted the proper administrative remedies. Accordingly, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED on plaintiff's Title VII claim in Count Two.

Motion for Summary Judgment

Defendants seek summary judgment on the Rehabilitation Act and ADA claims, arguing there is no genuine issue of material facts to be tried.

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Rule 56 (c), Fed. R. Civ. P.; Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 256 (1986).  A court must grant summary judgment "`if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . .'"  Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted).  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).  After discovery, if the non-moving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide."  Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).  See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

In the context of a motion for summary judgment pursuant to Rule 56(c), disputed issues of fact are not material if the moving party would be entitled to judgment as a matter of law even if the disputed issues were resolved in favor of the non-

moving party. Such factual disputes, however genuine, are not material, and their presence will not preclude summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Cartier v. Lussier, 955 F.2d 841, 845 (2d Cir. 1992).

    1.   Count One: ADA Claim

Plaintiff alleges a violation of Title II of the ADA in Count One. The Second Circuit Court of Appeals held in Garcia that "a private suit for money damages under Title II of the ADA may only be maintained against a state if the plaintiff can establish that the Title II violation was motivated by either discriminatory animus or ill will due to disability . . . ." Garcia, 280 F.3d at 112. Plaintiff's allegations are devoid of any contention that defendants were motivated by "irrational discriminatory animus or ill will" based on his seizure disorder. Id. Nor does plaintiff offer any evidence to support a finding that defendants were motivated by "irrational discriminatory animus or ill will."

Rather, plaintiff's complaint alleges that the DMV followed procedure when presented with the question of whether a licensed driver is fit to safely operate a motor vehicle. [Doc. #1, Compl. at ¶¶5-6, 8]. After receiving notice of plaintiff's accident on February 5, 2002, the DMV initiated an administrative proceeding and, following a hearing, determined that plaintiff's seizure condition rendered him "medically unfit" to safely operate a motor vehicle. Id. at ¶¶5-6. The Commissioner suspended plaintiff's license based upon the recommendation of the Medical

Advisory Board, and informed plaintiff that the suspension decision would be reconsidered if he remained seizure free for six months and resubmitted a second physician's report and certification of his condition. Id. at ¶6.  In July 2002, plaintiff's Class 1 operator's license was restored. Id. at ¶8. Additionally, Count One of plaintiff's complaint alleges that the Connecticut DMV "may have been concerned" about the plaintiff. Id. at Count One. There is simply no evidence in the record of discriminatory animus or ill will.  Accordingly, defendants' motion for summary judgment is GRANTED is granted on plaintiff's ADA claim in Count One.

    2.   Count Two: Rehabilitation Act Claim

Section 504 of the Rehabilitation Act and Title II of the ADA offer essentially the same protections for disabled people. Unlike Title II of the ADA, §504 was enacted pursuant to Congress's authority under the Spending Clause of Article I of the U.S. Constitution, and "[w]here Spending Clause legislation is concerned, the Supreme Court has generally adopted deliberate indifference as the necessary showing for private damage recoveries." Garcia, 280 F.3d at 115, n.6 (citing Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 643-47 (1999)).  To establish "deliberate indifference," the Second Circuit has held that a plaintiff must show that the institution "remained deliberately indifferent to the likely violation of protected rights." Freydel v. New York Hosp., No. 00-7108, 2000 WL 1836755, at *5 (2d Cir. Dec. 13, 2000).  Mere negligence in

12

failing to follow up on a disabled person's request for accommodation does not amount to deliberate indifference to a person's rights. <u>Constance v. S.U.N.Y. Health Science Ctr. at Syracuse</u>, 166 F. Supp. 2d 663, 668 (N.D.N.Y. 2001).

The evidence considered in the light most favorable to plaintiff fails to show that the Medical Advisory Board acted with "deliberate indifference" when it recommended that the DMV temporarily suspend plaintiff's class one operator's license. Before making a recommendation to the DMV, the Medical Advisory Board reviewed plaintiff's physician's report, which opined that plaintiff was fit to drive. [Doc. #1, Compl. at ¶6]. This physician's report was not, however, "qualified as to medical certainty," therefore the Medical Advisory Board recommended the six-month suspension. <u>Id</u>. These facts are insufficient to raise a genuine issue of material fact that the Medical Advisory Board acted with "deliberate indifference." Accordingly, defendants' motion for summary judgment is GRANTED on plaintiff's Rehabilitation Act claim in Count Two.

<u>State Law Claims</u>

In addition to the federal claims, the pending action includes state law claims in Counts Three through Eight.

Pendent jurisdiction is a doctrine of discretion; "[i]ts justification lies in considerations of judicial economy, convenience, and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over

state claims." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); accord Morse v. University of Vermont, 973 F.2d 122, 127 (2d Cir. 1992); Castellano v. Board of Trustees, 937 F.2d 752, 758 (2d Cir.), cert denied, 502 U.S. 941 (1991).

Generally, where "the federal claims are dismissed before trial . . . , the state claims should be dismissed as well." United Mine Workers, 383 U.S. at 726; see also Castellano, 937 F.2d at 758; Andreo v. Friedlander, No. H-85-551, 1986 WL 15663, at *13 (D. Conn. Apr. 28, 1986); cf. Castellano, 937 F.2d at 758 (pendent jurisdiction implicates comity concerns); but cf. Finz v. Schlesinger, 957 F.2d 78, 84 (2d Cir.) (where dismissal of a federal action involves findings related to state claim, court should address state issues); cert. denied, 506 U.S. 822 (1992).

Following these principles, the Court declines to exercise pendent jurisdiction over the state law claims in Counts Three through Eight as all the federal claims are dismissed.

## CONCLUSION

Accordingly, the Court rules on plaintiff's federal claims alleging violation of the ADA in Count One and violation of Title VII and the Rehabilitation Act in Count Two as follows.

Defendants' Motion to Dismiss **[Doc. #12]** is **GRANTED** in part and **DENIED** in part as follows.

Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED** as to Counts One and Two.

Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED** as to plaintiff's Title VII claim in Count Two.

Defendants' Motion for Summary Judgment **[Doc. #12]** is **GRANTED** as to plaintiff's ADA claim in Count One and Rehabilitation Act claim in Count Two.

The Court declines to exercise pendent jurisdiction over plaintiff's state law claims in Counts Three through Eight.

Plaintiff's "Motion to Strike, Objection to Jurisdiction Matter and As Memorandum of Law to Defendants 'Motion to Dismiss' and 'Motion for Summary Judgment'" **[Doc. #15]** is properly construed as plaintiff's memorandum in opposition. The clerk is directly to correct the docket to reflect that this is not a pending motion.

The Clerk of the Court is directed to close the case.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #6] on April 10, 2003 with appeal to the Court of Appeals.

ENTERED at Bridgeport this 18th day of March 2004.

___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

15